IN THE MATTER OF THE APPLICATION OF THE BOSTON, HOOSAC TUNNEL AND WESTERN RAILWAY COMPANY, APPELLANT, TO ACQUIRE LANDS OF THOMAS H. TURNBULL AND MARY JANE TURNBULL, RESPONDENTS.

*Compensation for land taken for a railroad — when an apparent existing privilege or license may be treated as valuable by the commissioners.*

One Turnbull owned a farm of about 200 acres, which was divided into two nearly equal parts by the Erie canal, which ran through it from east to west. The part on the north of the canal was cultivated and upon it were the farm buildings. The part on the south was hilly and there were no buildings upon it. A railroad company sought to acquire title to a strip of land in the part lying south of the canal; the said strip being about 1,754 feet long and from 290 to 400 feet wide and lying along the line of the canal. Upon this strip was a never failing spring, the water from which was conducted in a pipe under the canal to the buildings on the part lying north of the canal, where it was used for the general purposes of the farm, there being no other source of supply on that side. The two parts of the farm were connected by a farm bridge across the canal. The stock which were pastured upon the south part were watered at the canal and at the spring. The pipe was laid under the canal when Turnbull bought the farm, more than thirteen years before the application was made, and it had been used by him ever since without objection made by any person. It did not appear by what authority the pipe had been so laid under the canal.

*Held*, that in estimating the damages which would be occasioned by the taking of the said strip by the railroad, the commissioners properly treated the farm as a whole and considered its value to be increased by the connection which had been made between the spring on the south and the buildings on the north part of the farm.

APPEAL from the appraisal and report of commissioners appointed to ascertain and appraise the compensation to be made by the petitioner to Thomas H. Turnbull for certain lands belonging to him which it sought to acquire for railroad purposes.

*Alonzo P. Strong*, for the appellant.

*Alex. J. Thompson*, for the respondent.

LEARNED, P. J.:

These are proceedings to acquire title to land, and the railroad company appeals from the appraisal of the commissioners.

The respondent Turnbull is the owner of a farm of about 200

acres, divided into two nearly equal parts by the Erie canal, which runs through it east and west. The part on the north side is cultivated, and upon it are the farm buildings. That on the south side is somewhat hilly, and there are no buildings upon it of any consequence. Through this south part the New York, West Shore and Buffalo Railroad Company had built, or were building, their road, so as to leave about fourteen acres of land between that road and the Erie canal. This piece the petitioners seek to acquire. It is about 1,754 feet long, and varies from about 290 to about 400 feet wide. On this piece of land is a never failing spring of water. Mr. Turnbull draws from that spring all the water used by him for his house and barns on the north side of the canal, through a pipe laid under the canal. There is, it appears, also a farm bridge across the canal connecting the two parts of Mr. Turnbull's farm. The land on the south side of the canal is pasture land, and the stock have usually been watered, both at the canal and at the spring; but there is no other supply on the north side than that brought from the spring through this pipe, and the pipe was there when Mr. Turnbull bought, which was thirteen years ago.

It will be seen, therefore, that the taking of these fourteen acres by the railroad company deprives Mr. Turnbull of this spring, and of that use which he makes of it on the north side of the canal. And the principal point which the railroad company makes is, that as the canal is the property of the State, Mr. Turnbull has no right to lay his pipe across that land, and hence that he has no right to the use of the water on the north side of which the company will deprive him.

In order to present this question the company requested the commissioners to rule: 1st. That the owner had no right to lay or maintain the pipe across the canal. On this the commissioners held that there was no proof, and they could not decide whether the owner had any legal right. 2d. That the owner had only a license, and the deprivation of the enjoyment thereof would not be appraised. The commissioners declined so to rule. 3d. That mere license is not property under these proceedings. The commissioners so held. 4th. That the burden rested on the owner to show by what authority he maintained the pipes on the land of the State. The commissioners declined so to hold as respects this proceeding.

The value of the fourteen acres alone which are taken, was esti-mated by Mr. Turnbull at $100 per acre.   The commissioners allowed $4,292.   It is manifest, therefore, that they estimated the value of this fourteen acres with its spring to the farm as a whole. Now, undoubtedly, as the part on the north and that on the south side together formed one farm, it was right in estimating the damages to consider the diminished value of the whole farm after taking away these fourteen acres.   (*Henderson* v. *N. Y. C. R. R.*, 78 N. Y., 423.)   But the company urge that the value of the whole farm was increased, in the opinion of witnesses, by the connection made with the spring through the pipes; that this privilege could have been only a license and, therefore, was not a proper item of value or of damage.   We can hardly say that the value of the farm was not in fact increased by reason of this privilege, to call it by that name.   It appeared that for thirteen years, at least, the owner had in fact enjoyed it.   Any one who was about to purchase the farm would give more for it upon what we may at least call the probability that the State would permit the pipe to continue as it had been.   And one witness who was examined as to the value of the whole farm, after estimating the whole at $25,000, said he would make $1,000 difference between a secure right to the spring and one which might be questioned.   That would leave the farm $24,000.   Without the fourteen acres he estimated it at $19,000.

But there is another consideration.   It appears that there is a farm bridge connecting the two parts of the farm.   There is nothing to show that if the privilege of putting a pipe under the canal should be refused, Mr. Turnbull might not put a pipe along his farm bridge, and thus have the benefit of the spring as before.   The existence of this farm bridge with the other facts is an abundant answer to the claim of the railroad company that the two parts of this farm were to be treated as separate parcels and the injury to be estimated only to that part which lay on the south side of the canal.

Thus the defendant's lands were connected by this bridge and furthermore he had enjoyed for thirteen years and was still enjoy-ing this privilege of laying a pipe under the canal.   Under these circumstances the railroad company take away fourteen acres and the spring.   The question is, how much has the defendant been damaged.   We think it would be unreasonable to say that the

injury to his farm by loss of this spring could not be considered until the defendant had affirmatively proved that he had an indefeasible right to maintain the pipes under the canal where it had been so long. He certainly was in the enjoyment of an apparent easement. And we have seen that probably he could transfer, if required, the pipe to the bridge, which he had a right to use.

There are some objections made in regard to evidence. But we see nothing which we deem material. We have in former cases stated our views as to appeals of this kind, and need not repeat them. The commissioners saw the premises and must have judged of the value themselves.

We think the appraisal and report should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and POTTER, JJ.

Award and order affirmed, with costs.